Dieterich v. Richey.

---

## GEORGE V. DIETERICH
### v.
## JAMES RICHEY.

*Costs—Taxation of.*

| 34 | 343 |
|----|----|
| 102 | ¹664 |

1. Every intendment must be in favor of the proper taxation of costs in the absence of any negative proof to the contrary.

2. This court declines to interfere with a certain decree touching the taxation of costs.

[Opinion filed February 6, 1890.]

IN ERROR to the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. F. S. MURPHY, for plaintiff in error.

Mr. M. J. DOUGHERTY, for defendant in error.

*Per Curiam.* This was a replevy of a fee bill issued in a case
where George V. Dieterich was complainant and Barbara
Green and others were respondents, in which judgments for
costs had been rendered in favor of the respondent Barbara,
against the complainant, and the execution and fee bill and
bond given by plaintiff in error, together with the return of
the sheriff thereon, was returned into the clerk's office of the
Circuit Court December 20, 1887. On the 17th of November,
1888, the plaintiff in error filed his motion in said cause to
quash the writ and fee bill therein. On the 19th of Novem-
ber, 1888, the court overruled the motion and ordered that
the fee bill stand and that execution may issue therefor and
exception taken to the ruling of the court. This writ of
error was issued out of this court directed to the Circuit Court
to send up the record of the proceedings therein, which is
done. The plaintiff in error insists that several items were
contained in said fee bill and execution which were improp-
erly extended on the costs book by the clerk against plaintiff
in error, and the fee bill and execution improperly issued
therefor. It is insisted that certain items were improperly
taxed as costs in the case, to wit, $120 for record in case of
Barbara Green against plaintiff, on her appeal to the Supreme
Court from the decree rendered in said cause against said
Barbara Green, which it is insisted belonged to the appeal
case, and adjudged against plaintiff in error in the Supreme
Court in said cause, on the judgment by that court of reversal.
We can not see any objection to this, as the amount was
incurred by the appellant Barbara Green in procuring the
transcript of the record in the Circuit Court, and the clerk so
entered it in the fee book as a proper charge against plaintiff
in error. If this same item was entered in the records in the
Supreme Court as a judgment against plaintiff in error and
paid by him, then the amount could not be collected in this
fee bill. As to this there is no proof. But from the fee bill

Dieterich v. Richey.

returned by the sheriff into the clerk's office in connection with the repelvin bond also returned, it is seen there is no such item contained and so the complaint is groundless. As against such fee bill so returned, the surmises and suppositions of the clerk, as we gather from his evidence contained in the bill of exceptions, that such item was contained in the fee bill issued because it appeared on the fee book, can not be allowed to prevail. The fee bill returned is the best evidence of what is contained and can not be contradicted. The complaint as to this item is not well taken. The other items contained under head of defendant's costs in the fee bill, to wit, "Oct. '83 mo. to sup. dep. 15ct. mo. and ord. 1. to allow to file cross-bill 30cts. f. 4, per. 20, 1 spa. of 30," are not, as far as we can ascertain from the record, improper. The record shows an original decree against Barbara and Florence Green for costs on appeal from the decree by Barbara, and decree of reversal by the Supreme Court, and final order by the Circuit Court of the dismissal against plaintiff in error of his bill of complaint and decree of costs against him. But there is no evidence contained in the bill of exceptions showing that there was not some other order or decree of the court in the case authorizing the clerk to tax the costs complained of against plaintiff in error. Every intendment must be in favor of the proper taxation of the costs in absence of any negative proof to the contrary. Florence Green was only a nominal party and no costs should have been taxed against her, and we understand the reversal of the decree in the Supreme Court reversed the entire decree against Florence as well as Barbara Green and extended to the decree against them for costs. This left the final order of the Circuit Court adjudging all costs in favor of Barbara against plaintiff in error in full force. And as we said before, what other orders of the Circuit Court in regard to costs exist, we know not from any negative evidence produced by plaintiff in error, who took any burden of proof of showing the erroneousness of the fee bill replevied. The decree of the court below is therefore affirmed.

*Decree affirmed.*